# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. SIMON, et. al, | Case No.: 1:10-cv-00597 AWI JLT |
| Plaintiffs, | ORDER ON EX PARTE REQUEST TO EXTEND TIME WITHIN WHICH TO SEEK DEFAULT JUDGMENT |
| v. | (Doc. 25) |
| MDC Credit Corp., et. al, | |
| Defendants. | |

This matter, stemming from alleged breaches of a written contract, was filed on April 6, 2010. (Doc. 1) Within two months of filing, Plaintiffs had perfected service on three of the defendants, MDC Credit Corp, Premium Acquisitions, Inc and Bluejay Management, LLC. (Doc. 8, 9, 10) None of these defendants appeared.

In their initial scheduling conference statement, Plaintiffs committed that they would "seek a Default against MDC CREDIT and PREMIUM ACQUISITIONS in the near future." (Doc. 11 at 2) Likewise, Plaintiffs reported that the Bluejay Management that he served was, in fact, not the correct entity. Id. Plaintiffs sought additional time to locate the correct "Bluejay Management Inc." and to locate and serve Defendant, Jesimon Ranch. Id. Finally, Plaintiffs reported that they were negotiating with the Internal Revenue Service regarding the amount of

1

1  taxes owed by Plaintiffs, which the Defendants had agreed to pay in the underlying contract
2  action. (Doc. 11 at 2-5)  As a result, the Court continued the scheduling conference, originally set
3  on July 13, 2010, to October 14, 2010.  (Doc. 12)
4     On October 13, 2010, Plaintiffs filed their second scheduling conference report.  (Doc.
5  14) In it, Plaintiffs continued to report nearly the exact same circumstances as in their earlier
6  report.  (Doc. 14 at 2) Once again, because no defendant had appeared in the case, on October 14,
7  2010, the Court continued the scheduling conference to January 20, 2011.  (Doc. 15) However,
8  the Court ordered Plaintiffs to file proofs of service on Jesimon Ranch, Inc. and Bluejay Mgt., to
9  seek an order allowing publication to these defendants or to dismiss them from the case. Id. at 2.
10 Likewise, the Court ordered Plaintiffs to seek default judgment against the defendants that had
11 been served but not appeared.  Id.
12    On November 22, 2010, Plaintiffs filed a request for dismissal of the action against
13 Jesimon Ranch, Inc. and Bluejay Management, LLC.  (Doc. 21) The next day, the Clerk of the
14 Court entered default as to MDC Credit Corp and Premium Acquisitions, Inc., pursuant to
15 Plaintiffs' request.  (Doc. 20) Therefore, as of November 23, 2010, the defendants to the matter
16 had been served and failed to appear and the Clerk of the Court has entered defaults in Plaintiffs'
17 favor.  On January 14, 2011, the Court vacated the January 20, 2011, scheduling conference in
18 light of the case posture but ordered Plaintiffs to seek default judgment against the defendants
19 within 30 days.  (Doc. 24)
20    On February 9, 2011, Plaintiffs filed an ex parte application seeking additional time
21 within which to file their motion for default judgment.  (Doc. 25) In it, Plaintiffs report that they
22 paid the entirety of the tax liability but have filed a request for refund. (Doc. 25 at 2)  Thus,
23 because this amount makes up all or most of the damages sought from Defendants, Plaintiffs are
24 not yet prepared to seek damages in a default judgment motion.  Id.  Plaintiffs report that they
25 have come to a preliminary understanding with the IRS as to the amount of the refund but the
26 settlement terms have not yet been finalized.  Id. at 3.  This has required Plaintiffs to seek review
27 by the "IRS Appeals Fast Track Settlement Program Manager" and, as necessary, the "Chief of
28 the Internal Revenue Service National Office of Appeals."  Id.  Plaintiffs are hopeful that the

matter will be resolved within 120 days but express some concern that, ultimately, the matter will not be settled. Id. If it is settled, Plaintiffs will seek a default judgment for the full amount of the tax liability minus any refund; if not, Plaintiffs will seek judgment in the full amount. Id. Given this uncertainty, the Court finds good cause to extend the deadline by which Plaintiffs must seek default judgment.

Therefore the Court **ORDERS**,

1. Plaintiffs SHALL use good faith efforts to resolve the tax refund issue with the Internal Revenue Service as quickly as possible;
2. Plaintiffs SHALL file their motion for default judgment as soon as practicable but no later than June 10, 2011, or they SHALL file an application for an extension of time in which they demonstrate good cause for the extension;
3. Plaintiffs SHALL notify the Court within ten days of the termination of the settlement efforts with the Internal Revenue Service;
4. Within 30 days of this order and every 30 days thereafter, Plaintiffs SHALL file a status report outlining the status of their efforts to settle the tax refund issue with the Internal Revenue Service.

IT IS SO ORDERED.

Dated:   **February 10, 2011**                              /s/ Jennifer L. Thurston
                                                           UNITED STATES MAGISTRATE JUDGE