# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. SIMON, et. al, | Case No.: 1:10-cv-00597 AWI JLT |
| Plaintiffs, | ORDER ON SECOND EX PARTE REQUEST TO EXTEND TIME WITHIN WHICH TO SEEK DEFAULT JUDGMENT |
| v. | (Doc. 30) |
| MDC Credit Corp., et. al, | |
| Defendants. | |

In their initial scheduling conference statement, Plaintiffs committed that they would "seek a Default against MDC CREDIT and PREMIUM ACQUISITIONS in the near future." (Doc. 11 at 2) Plaintiffs reported that they were negotiating with the Internal Revenue Service regarding the amount of taxes owed by Plaintiffs, which the Defendants had agreed to pay in the underlying contract action. (Doc. 11 at 2-5)

On October 13, 2010, Plaintiffs filed their second scheduling conference report. (Doc. 14) Plaintiffs reported nearly the same circumstances as in their earlier report. (Doc. 14 at 2) The Court ordered Plaintiffs to seek default judgment against the defendants that had been served but not appeared. Id.

On November 22, 2010, Plaintiffs filed a request for dismissal of the action against Jesimon Ranch, Inc. and Bluejay Management, LLC. (Doc. 21) The next day, the Clerk of the

1

Court entered default as to MDC Credit Corp and Premium Acquisitions, Inc., pursuant to Plaintiffs' request. (Doc. 20) Therefore, as of November 23, 2010, all defendants to the matter had been served and failed to appear and the Clerk of the Court has entered defaults in Plaintiffs' favor. On January 14, 2011, the Court ordered Plaintiffs to seek default judgment against the defendants within 30 days. (Doc. 24)

On February 9, 2011, Plaintiffs filed an ex parte application seeking additional time within which to file their motion for default judgment. (Doc. 25) Plaintiffs reported that they had paid the entirety of the tax liability related to the underlying contract but had filed a request for refund. (Doc. 25 at 2) Plaintiffs reported that they had come to a preliminary understanding with the IRS as to the amount of the refund. Id. Because this amount makes up all or most of the damages sought from Defendants, Plaintiffs were not yet prepared to seek damages in a default judgment motion. Id. As a result, the Court extended the deadline by which to file the request for default to June 10, 2011 and required Plaintiffs to file status reports every 30 days. (Doc. 26)

On June 13, 2011, Plaintiffs filed an ex parte request for additional time to file their request for default. (Doc. 30) Plaintiffs continue to report that they have continually sought a refund from the IRS but that the agency has not yet granted or denied the refund. Id. at 3. Plaintiffs report that the United States Tax Court has recently issued two opinions that are favorable to their position but despite that they have cited these cases to the assigned IRS Revenue Agent, the agent has not responded. Id. Plaintiffs report that they hope to resolve this matter within 120 days or they will file a refund lawsuit. Id.

In essence, then, the case is in the exact same posture as it was in January 2011. If the refund is issued, Plaintiffs will seek a default judgment for the full amount of the tax liability minus any refund; if not, Plaintiffs will seek judgment in the full amount. Given this continued uncertainty, the Court finds good cause to extend the deadline by which Plaintiffs must seek default judgment.

Therefore the Court **ORDERS**,

1. Plaintiffs SHALL use all efforts to resolve the tax refund issue with the Internal

      Revenue Service as quickly as possible;

2. Plaintiffs SHALL file their motion for default judgment as soon as practicable but no later than October 10, 2011;

3. Plaintiffs SHALL notify the Court within ten days of the termination of the settlement efforts with the Internal Revenue Service;

4. Within 45 days of this order and every 45 days thereafter, Plaintiffs SHALL file a status report outlining the status of their efforts to settle the tax refund issue with the Internal Revenue Service.

**No further extensions of time to file the motion for default will be granted absent a showing of exceptional good cause. The Court will not find exceptional good cause has been demonstrated if the matter merely remains in the same unresolved status.**

IT IS SO ORDERED.

Dated:  **June 14, 2011**                                        /s/ Jennifer L. Thurston
                                                               UNITED STATES MAGISTRATE JUDGE